# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC SCHUSTER, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-18-3587 |
| SALLIE MAE BANK, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Eric Schuster filed suit against Defendants Navient Solutions, LLC, Sallie Mae Bank, SLM Corporation, Sallie Mae Bank Inc., Equifax Inc., Equifax Consumer Services, LLC, Equifax Information Services, LLC, Experian Data Corp., Experian Information Solutions, Inc., Experian Service Corp., and Trans Union LLC alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as well as defamation, negligence, and invasion of privacy/ false light. Schuster sought dismissal of his claims related to all parties except for those related to Sallie Mae Bank ("SMB").

Schuster alleges that his daughter listed him as a co-signer on her student loans without his permission. He claims he has been damaged by SMB's reporting to credit agencies regarding his status as a co-signer on these loans. Schuster seeks actual, statutory, and punitive damages, as well as reasonable attorney's fees and costs. Schuster also seeks a declaratory judgment concerning his status as a co-signer on these loans.

SMB filed a motion to dismiss and a motion for sanctions, and the matters are fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below,

SMB's motion to dismiss will be granted, and SMB's motion for sanctions will be denied.

## I. Background[1]

This is the second case Schuster has brought in this Court against a Sallie Mae company challenging his status as a co-signer on seven of his daughter's student loans. *See Schuster v. SLM Corp.*, Civ. No. CCB-17-2108, 2017 WL 4777708 (D. Md. Oct. 23, 2017) (Blake, J.). In both cases, Schuster alleges that his daughter listed him as a co-signer on her student loans without his permission. (Compl. ¶ 31, ECF No. 1; First Compl. ¶ 26, Mot. Dismiss Ex. A, ECF No. 35-4.) And, in both cases, Schuster seeks to hold a Sallie Mae entity liable for the harm he has experienced resulting from these allegedly fraudulently-procured loans.

On August 17, 2017, Schuster filed an amended complaint in his first suit alleging that SLM Corporation ("SLM") was liable for negligence in issuing these student loans. (First Compl. ¶¶ 31–33, Mot. Dismiss Ex. A.) He also requested a judgment declaring: (1) Schuster "is not a co-signer or co-obligor regarding any of the Loans;" and (2) "[a]ny reporting to a credit reporting agency that Plaintiff is a co-signer on any Loan and/or that Plaintiff is delinquent on any Loan be removed." (*Id.* at 4–5.) Judge Blake granted the motion to dismiss, holding that banks do not have a duty to protect noncustomers (such as Schuster) from fraud absent an intimate nexus between the two, which did not exist between Schuster and SLM.[2] *Schuster*, 2017 WL 4777708, at *1–3. Judge Blake also denied Schuster's request for a declaratory judgment because she found Schuster had no "plausible substantive claims." *Id.* at *3 n.6.

On November 21, 2018, Schuster filed his complaint in the current suit. After consenting to termination of the other Defendants (ECF Nos. 24, 36, 49, 55, 56), SMB is the last remaining

---

[1] The facts in this section are taken from the Complaint and construed in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).
[2] SLM Corporation, SMB's parent company, was the entity sued in the 2017 litigation, but the motion to dismiss was filed on behalf of SMB. (Mot. Dismiss at 4 n.2.)

2

defendant. In his complaint, Schuster states that he "sent formal, written disputes" on or about May 31, 2018 to Navient Solutions, Inc., Sallie Mae, SMB, SLM Corporation, and credit reporting agencies ("CRAs") Equifax, Experion, and TransUnion regarding his status as co-signer on his daughter's student loans. (Compl. ¶ 39.) Equifax and Experian responded that either "Sallie Mae" or "Sallie Mae Inc." had verified that the student loans were accurately attributed to Schuster. (*Id.* ¶¶ 41–42.) TransUnion responded that it had investigated Schuster's complaint and would continue to report the student loans on Schuster's credit report. (*Id.* ¶ 40.) As a result of this reporting, Schuster states that he was denied a credit card. (*Id.* ¶ 43.)

Schuster alleges SMB violated the FCRA by failing to properly investigate whether he was a co-signer on the aforementioned loans, failing to share the information it received from Schuster contesting his status as a co-signer with CRAs, and reporting inaccurate information to CRAs with regard to his status as a co-signer. (Compl. ¶ 57.) Schuster also alleges SMB is liable for defamation and invasion of privacy/false light for making false oral and written communications to CRAs and attorneys regarding his status as a co-signer. (*Id.* ¶¶ 69–77, 90–93.) Finally, Schuster alleges that SMB was negligent by violating the FCRA, failing to communicate to CRAs that Schuster was not a co-signer on the loans, and "[c]ontinuing to report the inaccurate information to [CRAs] despite having knowledge of the inaccuracies." (*Id.* ¶¶ 82–5.)

Schuster seeks a declaratory judgment stating he "is not a co-signer or co-obligor with regard to any of the Loans." (*Id.* at 23.) He also requests an order directing SMB to: (1) "immediately delete all of the inaccurate information from Plaintiff's credit reports and files"; (2) "cease reporting the inaccurate information to any and all persons and entities to whom [SMB] report[s] customer credit information"; and (3) "send to all persons and entities to whom [SMB]

ha[s] reported Plaintiff's inaccurate information updated and corrected credit report information." (*Id.*)

SMB filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1691. The Court will address each motion in turn.

## *II. Motion to Dismiss*

### *A. Legal Standard*

SMB filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Mot. Dismiss at 1, ECF No. 35.) A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of the mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. Courts must "accept the well-pled allegations of the complaint as true, . . . constru[ing] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra*, 120 F.3d at 474. "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Courts need not accept legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### *B. Analysis*

#### *1. Res Judicata*

SMB's primary argument in favor of dismissing Schuster's claims is that they are barred by the principles of res judicata, which includes both claim preclusion and issue preclusion. *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). Claim preclusion prevents a party from bringing litigation that "arises from the same cause of action" as an earlier case with a "valid and final judgment." *Id.* It also bars claims "that might have been presented" in the prior case. *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Issue preclusion "bar[s] subsequent litigation of those legal and factual issues common to both actions that were 'actually and necessarily determined by a court of competent jurisdiction in the first litigation.'" *Orca*, 287 F.3d at 318 (quoting *Varat*, 81 F.3d at 1315).

SMB argues that Schuster's claims fail under both claim and issue preclusion. Claim preclusion requires:

> 1) [T]he prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015) (alteration in original) (quoting *Varat*, 81 F.3d at 1315). Schuster does not contest that the first two elements of this test are met. Judge Blake's order dismissing the 2017 litigation was a final judgment on the merits, satisfying the first element of the test. *See e.g., Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). SMB is also in privity with SLM for purposes of claim preclusion because SMB is a wholly-owned subsidiary of parent company SLM, which satisfies the second element of the test. *Hepburn v. Nat'l Ctr. on Institutions & Alternatives, Inc.*, 409 F. Supp. 2d 639, 642 (D. Md. 2006), *aff'd sub nom. Hepburn ex rel. Hepburn v. Nat'l Ctr. on Institutions & Alternatives, Inc.*, 220 F.

App'x 216 (4th Cir. 2007) (parent and subsidiary relationship "is sufficient to establish privity between the parties" for res judicata).

The parties disagree on whether the claims in the current suit are based on the same cause of action as the 2017 litigation and thus satisfy the third prong of the test for claim preclusion. "'[C]laims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts.'" *Grausz v. Englander*, 321 F.3d 467, 473 (4th Cir. 2003) (quoting *Varat*, 81 F.3d at 1316). SMB argues that the current suit is based on the same cause of action as the 2017 suit because Schuster's claims in this litigation arise out of the same seven loans that were at issue in the prior litigation and "all the harms relate to Schuster's liability as a co-signer" on those loans. (Mot. Dismiss Mem. at 11–12.) Schuster, however, argues that the third prong of this test is not met because his claims did not arise until June 2018, after he filed a formal complaint with SMB and the CRAs about the contested loans and after SMB told at least two CRAs in response to their inquiries that the loans were accurately attributed to him. (Opp'n Mem. at 3–6.)

Schuster's claims can be grouped into three categories: FCRA claims, state law claims, and declaratory judgment claims. In his FCRA and state claims, Schuster does not challenge SMB's actions in granting the loans listing him as a co-signer, as he did in the 2017 litigation. If he did, such a claim would clearly be barred from being relitigated by claim preclusion. Rather, in this litigation, Schuster challenges SMB's investigation of his complaint and SMB's subsequent reporting to CRAs regarding his status as co-signer. Therefore, though both cases arise out of the same seven loans, the actions being challenged in each case are distinct. Furthermore, Schuster's claims could not have been litigated in the 2017 litigation. Schuster made formal, written complaints to SMB and the CRAs on or about May 31, 2018, more than six months after Judge

6

Blake issued her decision in the 2017 litigation. (Compl. ¶ 39.) The CRAs responded to Schuster's complaints in June 2018 and told him they would continue to report that he was liable for the student loans. (*Id.* ¶¶ 40–42.) Accordingly, Schuster could not have brought this cause of action before June 2018, and these claims are not barred by claim preclusion.

Though Schuster's FCRA and state law claims are premised on a separate cause of action than the 2017 litigation, Schuster's claim for a declaratory judgment is identical to that in his previous suit. Here, Schuster seeks a declaratory judgment stating he "is not a party to the promissory notes held and/or serviced by Navient, Sallie Mae Bank, and Sallie Mae Bank Inc. and owes no obligations to Defendants in regard to those debts." (Compl. at 11.) This is substantively identical to the declaratory judgment that Schuster requested in the 2017 litigation against SLM, in which he requested a declaratory judgment stating that he "is not a co-signer or co-obligor regarding any of the Loans." (Mot. Dismiss Ex. A at 4–5.) Therefore, unlike Schuster's FCRA and state law claims, Schuster's claims for a declaratory judgment in both this case and the 2017 litigation arise from the same "core of operative facts:" his daughter's decision to list Schuster as a co-signer on her student loans without his permission, and his subsequent liability for those loans. *See Varat*, 81 F.3d at 1316. Accordingly, Schuster's claim for a declaratory judgment is barred by claim preclusion and will be dismissed.

SMB also argues that Schuster's claims are barred by issue preclusion, or collateral estoppel. The partying arguing that issue preclusion applies must show:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). However, with regard to Schuster's FCRA and state law claims, this argument fails for the same reasons SMB's claim preclusion argument fails: the issues in the 2018 litigation are not the same as those presented in the 2017 litigation. The issue in the 2017 litigation was whether SLM was negligent in approving the student loans without verifying that Schuster was indeed a co-signer. By contrast, the issue here is whether SMB is liable for failing to investigate Schuster's complaint and reporting allegedly inaccurate information to CRAs after his formal complaint. Schuster could not have brought this claim in 2017 because he had not yet made a formal, written complaint, and SMB and the CRAs had not issued any responses to such a complaint. Thus, Schuster's remaining FCRA and state law claims are not barred by the principles of res judicata.

### 2. *Fair Credit Reporting Act (Count II)*

Schuster alleges that SMB violated §§ 1681n, 1681o, and 1681s-2(b) of the FCRA. (Compl. ¶ 57.) The FCRA confers a private right of action on consumers for violations of § 1681s-2(b). *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 509–10 (D. Md. 2004); *see Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 428 (4th Cir. 2004). In general, § 1681s-2(b) "requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation of their records to determine whether the disputed information can be verified." *Johnson*, 357 F.3d at 431. Civil liability for violations of § 1681s-2(b) requires "negligent noncompliance," § 1681o, or "willful noncompliance," § 1681n.

Schuster claims SMB "willfully and negligently" failed to: "conduct an investigation of the inaccurate information that Plaintiff disputed"; "review all relevant information concerning Plaintiff's account provided to Defendants Navient Solutions, Sallie Mae, Sallie Mae Bank Inc., and SLM Corporation"; and "report the results of investigations" and "the inaccurate status of the

8

inaccurate information to the relevant [CRAs]." (Compl. ¶ 57.) These allegations merely track the language of 15 U.S.C. § 1681s-2(b)(1)(A)–(C). Schuster also alleges SMB failed to: "properly participate, investigate and comply with the reinvestigations that were conducted by any and all [CRAs] concerning the inaccurate information disputed by Plaintiff"; "provide any and all [CRAs] with the factual information and evidence that Plaintiff submitted to [SMB] which proved the information concerning Plaintiff's credit reports were inaccurate"; and "comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b)." (*Id.*) Lastly, Schuster alleges SMB is "willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to [CRAs] and other entities." (*Id.*)

These statements are the type of conclusory statements that the Court must not accept as true at the motion to dismiss stage. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Schuster provides only a handful of facts in support of these claims. Schuster states he sent SMB and the CRAs formal, written disputes regarding the student loans on or about May 31, 2018. (*Id.* ¶ 39.) He states that roughly two weeks later Experion and Equifax responded that a Sallie Mae entity said the information regarding his status as a co-signer on his daughter's student loans was accurate. (*Id.* ¶¶ 41–42.) Around the same time, TransUnion said it had investigated his complaint and would continue to report these loans on his credit report. (*Id.* ¶ 40.) Schuster provides no facts regarding what steps SMB did or did not take to verify his status as a co-signer, nor does he provide any facts about SMB's response or lack thereof to his complaint. Rather, he asks the Court to make the logical leap that because he complained that he

was not actually a co-signer on his daughter's loans—a fact this Court assumes as true for purposes of the motion to dismiss—and because two weeks later SMB reported to at least two CRAs that he was accurately listed as a co-signer on his daughter's loans, that SMB did not conduct any investigation into his status as a co-signer or review the materials he submitted. He also asks the Court to assume that because SMB verified to Equifax and Experian that the loans belonged to Schuster that SMB must not have told Equifax and Experian about his complaint. While these things all may be true, the "sheer possibility that a defendant has acted unlawfully" is not sufficient to permit a claim to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Accordingly, Schuster's FCRA claims will be dismissed for failure to state a claim under Rule 12(b)(6).

### *3. State Law Claims*

Schuster also brings claims for defamation, negligence, and invasion of privacy/ false light. SMB argues these claims are preempted by the FCRA. Common law claims are preempted under the FCRA if the claim is: (1) "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report;" and (2) based on "false information furnished with malice or willful intent to injure." 15 U.S.C.A. § 1681h; *see Ross v. F.D.I.C.*, 625 F.3d 808, 814 (4th Cir. 2010). Schuster alleges that these claims are not preempted by the FCRA because SMB acted with malice in reporting to the CRAs that he is a co-signer on his daughter's loans. (Opp'n Mem. at 11–12.)

"Malice is a high bar" which requires that the statement at issue "was made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Ross*, 625

F.3d at 815–16 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)).[3] Malice requires "that a defendant published material while entertaining serious doubts as to the truth of the publication or with a high degree of awareness of probable falsity." *Beuster*, 435 F. Supp. 2d at 480. Mere negligence or carelessness does not rise to the level of malice. *Ross*, 625 F.3d at 816–17 (finding "sloppy recordkeeping" and accompanying errors were "at most negligence, not malice").

Schuster alleges in his complaint that SMB "knew" its statements to the CRAs about Schuster were false because Schuster had notified SMB that he was not a co-signer on his daughter's loans. (Compl. ¶ 73.) Schuster also alleges that "despite the repeated notices" from Schuster, SMB "acted with malice by failing to communicate the information" Schuster provided to the CRAs "when responding to the[ir] reinvestigation attempts." (*Id.* ¶ 76.) However, "[s]o long as the creditor has a good faith reason for believing that the debt is in fact owed, reporting the debt without reporting the dispute does not convey 'false' information 'with malice or willful intent to injure the consumer.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1169 (9th Cir. 2009) ("[E]ven if [defendant] violated its obligations to report that [plaintiff] disputed the debt, this failure does not render the information that was reported 'false' so as to support a libel claim meeting the § 1681h(e) malice standard.") In summary, while Schuster has stated SMB was aware he contested his status as a co-signer on his daughter's loans, Schuster has not provided any facts supporting the allegation that SMB knew he was not a co-signer on his daughter's loans or

---

[3] The Fourth Circuit has not decided whether the federal or state definition of malice applies in determining whether FCRA claims are preempted. *Ross*, 625 F.3d at 815. The Court need not reach this issue because Maryland follows the federal definition of malice. *See Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 477 n.12 (D. Md. 2006).

11

made such a statement with reckless disregard to its truth. Accordingly, Schuster's state law claims will be dismissed for failure to state a claim.

### *III. Motion for Sanctions*

SMB also filed a motion for sanctions against Schuster pursuant to Federal Rule of Civil Procedure 11(b) and 28 U.S.C.A. § 1927. (ECF No. 47.) Rule 11 requires an attorney certify that (1) court filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). 28 U.S.C.A. § 1927 further provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." SMB claims that because Schuster's claims are barred by res judicata, and therefore not warranted by existing law, Schuster has violated these rules by "'needlessly increas[ing] the costs of litigation.'" (Mot. Sanctions at 3–4) (quoting Fed. R. Civ. P. 11(b).)

Because the Court determined that Schuster's FCRA and state law claims are not barred by either claim or issue preclusion, the two elements that constitute res judicata, the Court will deny SMB's motion for sanctions as to these claims. As for Schuster's claim for a declaratory judgment, which this Court determined is barred by claim preclusion, the Court does not find that Schuster's action in bringing this claim warrants sanctions under either Rule 11 or § 1927.

The decision whether to issue Rule 11 sanctions is within the court's discretion. *DeBauche v. Trani*, 191 F.3d 499, 512 (4th Cir. 1999). Rule 11 sanctions are meant to "deter rather than compensate," Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments), and they should

made such a statement with reckless disregard to its truth. Accordingly, Schuster's state law claims will be dismissed for failure to state a claim.

### *III. Motion for Sanctions*

SMB also filed a motion for sanctions against Schuster pursuant to Federal Rule of Civil Procedure 11(b) and 28 U.S.C.A. § 1927. (ECF No. 47.) Rule 11 requires an attorney certify that (1) court filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). 28 U.S.C.A. § 1927 further provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." SMB claims that because Schuster's claims are barred by res judicata, and therefore not warranted by existing law, Schuster has violated these rules by "'needlessly increas[ing] the costs of litigation.'" (Mot. Sanctions at 3–4) (quoting Fed. R. Civ. P. 11(b).)

Because the Court determined that Schuster's FCRA and state law claims are not barred by either claim or issue preclusion, the two elements that constitute res judicata, the Court will deny SMB's motion for sanctions as to these claims. As for Schuster's claim for a declaratory judgment, which this Court determined is barred by claim preclusion, the Court does not find that Schuster's action in bringing this claim warrants sanctions under either Rule 11 or § 1927.

The decision whether to issue Rule 11 sanctions is within the court's discretion. *DeBauche v. Trani*, 191 F.3d 499, 512 (4th Cir. 1999). Rule 11 sanctions are meant to "deter rather than compensate," Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments), and they should

made such a statement with reckless disregard to its truth. Accordingly, Schuster's state law claims will be dismissed for failure to state a claim.

### *III. Motion for Sanctions*

SMB also filed a motion for sanctions against Schuster pursuant to Federal Rule of Civil Procedure 11(b) and 28 U.S.C.A. § 1927. (ECF No. 47.) Rule 11 requires an attorney certify that (1) court filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). 28 U.S.C.A. § 1927 further provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." SMB claims that because Schuster's claims are barred by res judicata, and therefore not warranted by existing law, Schuster has violated these rules by "'needlessly increas[ing] the costs of litigation.'" (Mot. Sanctions at 3–4) (quoting Fed. R. Civ. P. 11(b).)

Because the Court determined that Schuster's FCRA and state law claims are not barred by either claim or issue preclusion, the two elements that constitute res judicata, the Court will deny SMB's motion for sanctions as to these claims. As for Schuster's claim for a declaratory judgment, which this Court determined is barred by claim preclusion, the Court does not find that Schuster's action in bringing this claim warrants sanctions under either Rule 11 or § 1927.

The decision whether to issue Rule 11 sanctions is within the court's discretion. *DeBauche v. Trani*, 191 F.3d 499, 512 (4th Cir. 1999). Rule 11 sanctions are meant to "deter rather than compensate," Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments), and they should

be imposed "sparingly," *Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 914 n.10 (D. Md. 2009). Rule 11 is violated when, "'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)). Put simply, "'[t]he legal argument must have absolutely no chance of success under the existing precedent' to contravene the rule." *Id.* (quoting *Hunter*, 281 F.3d at 153).

Though this court has awarded sanctions where a motion was a "textbook example of claims barred by res judicata," *W. Maryland Wireless Connection v. Zini*, 601 F. Supp. 2d 634, 645 (D. Md. 2009), this is not that case. The majority of Schuster's claims—which the parties devote almost the entirety of their briefs discussing—are FCRA and state law claims which are not barred by res judicata. The fact a single claim for a declaratory judgment, in a complaint premised mostly on new facts and circumstances, is precluded based on prior litigation does not warrant the issuance of sanctions.

The Court also declines to award sanctions pursuant to § 1927. A prerequisite to the imposition of sanctions under § 1927 is a finding that the attorney acted in bad faith. *E.E.O.C. v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012). This section "focuses on the conduct of the litigation and not on its merits." *DeBauche*, 191 F.3d at 511. While this Court determined that Schuster's claim for a declaratory judgment was barred based on claim preclusion, the Court does not find that Schuster's action in requesting a declaratory judgment along with a series of claims based on new conduct was an "'abuse of court processes'" which constitutes bad faith. *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980)). Schuster states his attorney "did not ignore the dismissal of the 2017 Litigation and maintains the violations alleged in the current

13

litigation could not have been brought in that matter." (Opp'n Sanctions at 4.) Though the Court found this argument unavailing as to Schuster's claim for a declaratory judgment, the mere act of bringing one unsuccessful claim does not meet the "bad faith" standard required to impose sanctions under § 1927. The Court will therefore deny SMB's motion for sanctions.

*IV. Conclusion*

For the foregoing reasons, an Order shall enter granting SMB's motion to dismiss (ECF No. 35) and denying SMB's motion for sanctions (ECF No. 47).

DATED this 20 day of September, 2019.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge